[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Facts:
The victim was found dead in his residence on March 11, 1999. Autopsy evidence (Exhibit 8) indicates that the cause of death was asphyxia by neck compression with anatomic diagnosis blunt trauma generally to head, face and upper torso of the body. Exhibit 1 taken at the scene shows the victims neck wrapped with a white cord connected to a small appliance.
Michael Alpert testified that both his sister, Lisa, and Lynn Webb came to the family residence after the homicide and in several discussions Lisa said "I killed Rick" and perhaps said "we", but did not think so.
Introduced into evidence were the statements of Lisa Albert (Exhibit 6) and Lynn Webb (Exhibit 7).
The defendants agree that an initial argument started with Lisa and the deceased. They disagree as to who first became CT Page 9239 physically assaultive, however, they agree that the victim went to the floor where they both kicked and punched him in a manner consistent with the medical evidence. Lisa then stated that she took the cord and strangled the victim until he went limp. She then checked for a pulse and found no pulse. She claims Lynn was present for this. Lynn claims she was not present when the cord was employed but left for the car, with the victim only disabled (sic) on the floor.
Law:
The state argues that at the moment the defendants became involved in an assault of the victim, his consent to their being on the premises were implicitly revoked. That they then remained unlawfully, thus committing burglary with the underlying intent to commit the crime of assault. In other words, an unspecified burglary to comply with the felony murder statute 53a-54c. Statev. Allen, 216 Conn. 367 (1990), State v. Reyes 19 CA 9 (1989),State v. Gilorimino. 240 Conn. App. 563, 572, 590 A.2d 480, cert. denied 219 Conn. App. 911, 593 A.2d 137 (1991).
The state further argues that the underlying felony for burglary can be assault, and be the predicate felony for felony murder. State v. Adorno, 45 CA 187 (1997).
The defense contends that the assault can not be separated from the murder as one continuous fact pattern. When does the assault begin and end then become a murder under C.G.S. 53a-54a.
The issue for the court is where the underlying felony for felony murder is burglary, based on the additional underlying crime of assault, on the homicide victim and the defendant's intention is to injure the victim; does felony murder apply?
The state cites several Conn. cases where burglary was sufficient as the underlying felony for felony murder, however, they erroneously claim these cases also rely on actual "assault" cumulating in death of the victim. In each there is separation in time and circumstance of the assault (sic) and homicide.
In Adorno at 194 "he knowingly entered . . . unlawfully with the intent to threaten and harass. . .". Neither is the remaining underlying intent to assault.
The court found no Connecticut cases on point. Yet this issue CT Page 9240 was found to be a regular subject in most criminal treaties and most are referred to as "Felony Murder Limitations." Wharton'sCriminal Law, Felony Murder — Merger Doctrine, 15 Ed. Vol. 2 § 149, 150 (1998); Criminal Law Defenses, Robinson, § 103 Felony Murder p. 494 . . . 502 (1999); Criminal Law LaFave and Scot Felony Murder § 71 (1991). Understanding Criminal Law, Deressler 2nd Ed. § 31.06 C. at p. 483 (1995).
Concepts such as lesser included offense or merger analysis cannot be found in any of the Connecticut cases reviewed by the court. However, this court finds persuasive the Merger Doctrine "Where the underlying felony is the actor's assault of the homicide victim, and the actor's intention is to injury that victim, the felony murder rationales (sic) doctrine simply does not apply". Robinson at 497. Also see fn. 94 Whalton at p. 306 where a plethora of cases agree with "the underlying felony must be independent of the homicide." (contra cases as well)
However, even in this case such analysis would logically conclude that defendant Alpert's assault and strangulation would merge into murder homicide only, and felony murder would not be a proper charge. Ms. Webb could be found for probable cause for accessory to murder (which the court has previously ruled) as well as probable cause for felony murder because there is no merger. Thus, the less culpable defendant has more legal exposure.
Secondly and more importantly the Conn. cases have set only the limitations of enumerated felonies and proximate cause on felony murder. "We agree with . . . in `furtherance of' was intended to impose the requirements of a relationship between the underlying and the homicide beyond that of mere causation in fact, similar to the concept of proximate cause in the law of torts," State v. Young, 191 Conn. 636, 642 (1983) and see In Re:Michael, 36 Conn. App. 364, 374-376 (1994).
Clearly the doctrine would not eliminate felony murder under the facts of this case.
Therefore, the court finds probable cause for felony murder for both defendants, and previously found probable cause for murder.
McMahon, J. CT Page 9241